IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA          :

                                  :

    v.                            :   Civil Action No. DKC 09-2112

                                  :

WILLIAM O. RAWLINGS,
et al.                            :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this property case is a motion to dismiss (Paper 5). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the motion to dismiss will be denied.

**I.   Background**

This case revolves around the purchase of a home and farm in Charles County, Maryland. On March 5, 1981 Defendants obtained two loans in the total amount of $161,000 to construct a home and purchase a 65-acre farm. (Paper 1 ¶ 4). One loan was for $35,000 and the other for $126,000. (*Id.*). Both loans were evidenced by the signing of promissory notes and were made payable to the Farmers Home Administration, the predecessor of Rural Development ("RD"), a unit of the United States Department of Agriculture. (*Id.* at ¶ 2). The loans were secured by a mortgage that was recorded on March 5, 1981 in the Charles County Land Records. (*Id.* at ¶ 5; Ex. B).

On June 12, 1981, Defendants entered into a Subsidy Repayment Agreement in connection with their $35,000 loan. (*Id.* at ¶ 6). The Agreement, issued by RD, granted Defendants an interest subsidy that lowered their monthly payments (to keep their mortgage affordable). (*Id.* at ¶ 7). Defendants received a subsidy from RD, renewable annually, throughout the life of their loan. (*Id.* at ¶ 8).

Defendants paid the principal and interest due on the loan on or about April 6, 2006. (*Id.* at ¶ 9). They did not finish paying the subsidy repayment amount, however. The outstanding repayment due the United States is $48,921.88. (*Id.*).

Despite the fact that Defendants continued to owe over $45,000 to the federal government, the United States (mistakenly) issued a Release of Real Estate Mortgage ("Release") for both loans on May 10, 2006. It was properly recorded on July 21, 2006. RD later contacted Defendants in an attempt to reinstate the mortgage, to no avail. (*Id.* at ¶ 11).

On August 11, 2009, the United States filed a complaint in this court, asking that the real estate mortgage dated March 5, 1981 be reinstated and that the Release be nullified. On September 4, 2009, Defendants filed a motion to dismiss the complaint. (Paper 5). Plaintiff United States responded in opposition. (Paper 6).

## II. Motion to Dismiss

Defendants bring a motion to dismiss under both Fed.R.Civ.P. 12(b)(6) and 12(b)(7). Plaintiff opposes the motion to dismiss.

### A. Fed.R.Civ.P. 12(b)(6) Motion

### 1. Standard of Review

The purpose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Nevertheless, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(internal citations omitted).

In its determination, the court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Iqbal*, 129 S.Ct. at 1950, or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). *See also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## 2. Analysis

Defendants contend that the complaint must be dismissed because Plaintiff's claims are time-barred. Defendants claim that under Maryland law, a "civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced." Md. Code Ann., Cts. & Jud. Proc. § 5-101. Defendants argue that the Release of the real estate mortgage was prepared and issued by Plaintiff and was signed on May 10, 2006. (Paper 5, at 3). The Release was recorded in the Land Records of Charles County, Maryland on June 21, 2006. Plaintiff did not file suit until August 2009 – more than three years after recording of the release. Defendants argue that because of this delay, the claims must be dismissed.

The United States contests this characterization of the applicability of the statute of limitations and argues that it is not bound by the three year limit in Maryland. (Paper 6, at 5).

A motion to dismiss pursuant to 12(b)(6) does not generally permit an analysis of potential defenses defendants may have to the asserted claims. However, dismissal may be appropriate when a meritorious affirmative defense is clear from the face of the complaint. *Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178,

181 (4th Cir. 1996)(citing *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 250 (4th Cir. 1993); 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357, at 352 (1990)("A complaint showing that the statute of limitations has run on the claim is the most common situation in which the affirmative defense appears on the face of the pleading," rendering dismissal appropriate.)).

Plaintiff's interpretation of the applicable statute of limitations is correct. Although Maryland law imposes a three-year statute of limitations for most civil claims, "[i]t is well settled that the United States is not bound by state statutes of limitation . . . in enforcing its rights." *United States v. Summerlin*, 310 U.S. 414, 416 (1940). The same rule applies whether the United States brings its suit in its own courts or in a state court. *Id.* (citing *Davis* v. *Corona Coal Co.*, 265 U.S. 219, 222 (1924)).

**B.    Fed.R.Civ.P. 12(b)(7) Motion**

**1.    Standard of Review**

Rule 12(b)(7) authorizes a motion to dismiss for failure to join a party to the original action under Rule 19, "when there is an absent person without whom complete relief cannot be granted or whose interest in the dispute is such that to proceed in his absence might prejudice him or the parties already before

the court." 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1359 (2nd ed. 1990). Upon a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(7), the court first must determine whether the absent person is necessary for a just adjudication of the action as set forth in Rule 19(a).[1] *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 1999); 7 Charles A. Wright, Arthur R. Miller, & Mary K. Kane, Federal Practice & Procedure § 1611 (3rd ed. 2001). If the court finds that the absentee is a necessary party, it then must order the absentee to be joined in the action, provided that joinder will

---

[1] Rule 19(a) provides, in pertinent part:

> (a) *Persons to Be Joined if Feasible.* A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed.R.Civ.P. 19(a)

not deprive the court of subject matter jurisdiction by destroying diversity of citizenship. *Owens-Illinois*, 186 F.3d at 440; 7 Federal Practice & Procedure § 1611. If joinder is not feasible, however, "the court must determine whether the proceeding can continue in its absence, or whether it is indispensable pursuant to Rule 19(b) and the action must be dismissed." [2] *Owens-Illinois*, 186 F.3d at 440; *see also Jordan v. Washington Mutual Bank*, 211 F.Supp.2d 670, 675 (D.Md. 2002)

---

[2] Rule 19(b) provides:

> (b) *Determination by Court Whenever Joinder Not Feasible*. If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed.R.Civ.P. 19(b).

("dismissal is appropriate only when necessary parties should be joined and their joinder would deprive the Court of jurisdiction").

The burden is on the movant to show that the person who was not joined is necessary for a just adjudication and "the nature of the unprotected interests of the absent parties." 5A Federal Practice & Procedure § 1359; *see* 7 Charles A. Wright, Arthur R. Miller, & Mary K. Kane, Federal Practice & Procedure § 1609 (3rd ed. 2001). To satisfy this burden, the movant should "present affidavits of persons having knowledge of these interests as well as other relevant extra-pleading evidence." 5A Federal Practice & Procedure § 1359. In general, courts are "loath" to dismiss cases under Fed. R. Civ. P. 12(b)(7), "so dismissal will be ordered only when the resulting defect cannot be remedied and prejudice or inefficiency will certainly result." *Owens-Illinois*, 186 F.3d at 441. *See also Schlumberger Indus., Inc. v. National Sur. Corp.*, 36 F.3d 1274, 1285-86 (4th Cir. 1994) ("Only necessary persons can be indispensable, but not all necessary persons are indispensable").

## 2. Analysis

Defendants argue that Plaintiff's complaint must be dismissed because it has failed to join two necessary parties: the State of Maryland and Colonial Farm Credit. (Paper 5, at

5).  In order to understand Defendants' argument, more background information is necessary.

After securing their mortgage, Defendants filed an application with the State of Maryland to sell an agricultural land preservation easement to the State.  The Board of the Maryland Agricultural Land Preservation Foundation ("the Foundation") voted to obtain an option to buy a land preservation easement on the property on May 24, 2005.  (Paper 5, at 2).  The State required approval of the easement purchase from the current lienholders.  On behalf of Colonial Farm Credit, James Bevan signed the Option Contract in June 2005.  The Farm Service Agency also approved the option contract, contingent upon the Agency's lien being paid in full.  On March 7, 2006, Maryland elected to exercise its option to buy the agricultural land preservation easement and settlement occurred on April 6, 2006.  At this time Defendants paid off the real estate mortgages owed to the United States.  On May 10, 2006, a Release of Real Estate Mortgage was then issued.  In November 2006, Defendants obtained a loan for $100,000 from Colonial Farm Credit secured by a recorded deed of trust.

Defendants now insist that the State of Maryland is a necessary party because the Foundation is the owner of an easement preserving the property.  Reinstatement of the

mortgage, therefore, would interfere with the Foundation's rights. Furthermore, because of the November 2006 loan to Defendants, Colonial Farm Credit has a recorded interest in the property as well. Defendants argue that it must be joined because any reinstatement of the real estate mortgage would interfere with Colonial Farm Credit's lien priority and impair its security interest. Defendant argues that the court cannot provide complete relief to Plaintiff without these two absent parties being joined.

Defendants' arguments regarding necessary parties are without merit, although the existence of these additional parties may be relevant to final resolution of the case. Indeed, Plaintiff has noted that it is "willing to subordinate its reinstated mortgage to the liens of the State of Maryland and Colonial Farm Credit" if the court ultimately does reinstate the mortgage. The presence or absence of the two parties, however, should not affect the ability of the court to afford complete relief.

## III. Conclusion

For the aforementioned reasons, Defendants' motion to dismiss will be denied. A separate Order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge